IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANA RIVKIND | : | CIVIL ACTION |
| | : | |
| v. | : | No. 25-172 |
| | : | |
| ORACLE AMERICA, INC. | : | |

## MEMORANDUM

**Judge Juan R. Sánchez**                                                    **April 21, 2026**

This is an employment discrimination case. Plaintiff Dana Rivkind was an employee of Defendant Oracle from November 2020 to November 2023 and alleges she suffered discrimination during her time there. Oracle moves to dismiss Counts I through V of Rivkind's Amended Complaint under Federal Rules of Civil Procedure 8 and 12(b)(6). For the reasons below, the motion will be granted as to Counts II, III, and IV, and denied as to Counts I and V.

**BACKGROUND**

The Court dismissed Rivkind's original complaint without prejudice on December 30, 2025. Dkt. No. 14. Rivkind filed the Amended Complaint on January 20, 2026.

In the Amended Complaint, Rivkind alleges Oracle hired her in November 2020 as a Principal Cloud Solution Architect. Am. Compl. ¶ 6, Dkt. No. 16. She alleges Oracle knew she had Post-Traumatic Stress Disorder (PTSD) based on the company's approval of her FMLA leave from December 2021 through March 2022. *Id.* ¶ 9. After Rivkind returned from leave, she contributed to an internal "Metaverse" initiative. *Id.* ¶¶ 10-12. In May 2022, she complained about "exploitation" of her work and "raised concerns" about data integrity, ethics, and security. *Id.* ¶ 15. Instead of addressing these concerns, Oracle allegedly reported her "emotional response" to Human Resources, contacted her sister, disconnected her from Oracle's internal network, and "orchestrated" a police wellness check at her home. *Id.* ¶¶ 13-22. Rivkind further alleges Oracle

required her to undergo multiple medical and psychological evaluations, kept her isolated from her job duties for approximately seven months even though she was medically cleared, and falsely characterized her as "unstable and dangerous." *Id.* ¶¶ 23-25.

According to Rivkind, Oracle returned her to work in November 2022 but reassigned her to a "marginalized role intended for offshoring." *Id.* ¶ 27. She alleges she was the "only woman on her new team and was excluded from meetings, leadership opportunities, and substantive work afforded to male colleagues." *Id.* ¶ 28. She also alleges that from November 2022 through 2023 she experienced bullying, censorship, and retaliation through Oracle communication channels, and that her posts about "equal pay, gender classification, and data integrity were deleted, ignored, or met with hostility." *Id.* ¶¶ 29-30. Oracle terminated Rivkind on November 15, 2023 in a "purported reduction in force," which she alleges was pretextual because Oracle continued recruiting employees for substantially similar work. *Id.* ¶¶ 32-33. The Amended Complaint asserts claims for (1) sex discrimination under Title VII (42 U.S.C. § 2000e et seq.) (Count I); (2) retaliation (Count II); (3) sex-based hostile work environment under Title VII (Count III); (4) intentional infliction of emotional distress (Count IV); (5) disability discrimination under the Americans with Disabilities Act (ADA) (42 U.S.C. § 12101) (Count V); and (6) violation of the Equal Pay Act (29 U.S.C. § 206(d)) (Count VI). Oracle moves to dismiss Counts I through V with prejudice.

**LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In evaluating the motion, the court must separate the legal and factual elements of the plaintiff's claims. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court accepts well-pleaded facts as true and draws reasonable inferences in the nonmovant's favor, but it does not credit legal conclusions. *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010).

Rule 8 requires a "short and plain statement of the claim" and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Dismissal under Rule 8 is appropriate when a complaint is so "rambling and unclear" that it deprives the defendant of fair notice of the claims and the grounds on which they rest. *Tillio v. Spiess*, 441 F. App'x 109, 110 (3d Cir. 2011); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996).

**DISCUSSION**

Oracle first argues the Amended Complaint still suffers from the same Rule 8 defects the Court identified in dismissing the original complaint. The Court disagrees. The original complaint failed because it lacked a "coherent, claim-by-claim narrative" and left Oracle to guess what conduct allegedly violated which statute or duty. *See* Dkt. No. 14. In contrast, the Amended Complaint presents a chronological, employment-focused narrative, and identifies actors, dates, and specific actions on which the claims are based—such as HR contact with Rivkind's sister in May 2022, Oracle's disconnection of Rivkind from internal systems, a police wellness check, months-long isolation from work, reassignment in November 2022, exclusion from meetings and substantive work, and termination in November 2023. Oracle's motion itself responds to those allegations count by count. The Amended Complaint therefore provides enough notice to satisfy Rule 8. The Court will not dismiss Counts I through V on Rule 8 grounds.

3

Count I alleges sex discrimination under Title VII. To allege a Title VII sex discrimination claim, a plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the position she sought to attain or retain; (3) she suffered an adverse employment action; and (4) "the action occurred under circumstances that could give rise to an inference of intentional discrimination." *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 169 (3d Cir. 2013) (quoting *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008)). At the pleading stage, a plaintiff "need not establish a prima facie case." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 788 (3d Cir. 2016). A plaintiff must only allege enough facts to raise a "reasonable expectation that discovery will reveal evidence of the necessary elements." *Id.* at 789 (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)).

Rivkind alleges she is female, she was qualified for her role, she was the only woman on her reassigned team, she was excluded from meetings, leadership opportunities, and substantive work afforded to male colleagues, and she was later terminated in a purported reduction in force while Oracle continued recruiting employees for substantially similar work. Taken together and viewed in Rivkind's favor, these allegations plausibly support an inference that sex played a role in Oracle's treatment of her. That is enough at this stage.

Oracle is correct, however, that paragraph 43 of the Amended Complaint still invokes § 1983 even though the Court previously instructed Rivkind to omit such theory. Oracle is not alleged to be a state actor, so any § 1983 claim fails as a matter of law. The motion will therefore be denied as to Count I insofar as it asserts a Title VII claim, but any asserted § 1983 theory will be dismissed with prejudice.

Count II asserts a retaliation claim. To plead retaliation, a plaintiff must allege that "(1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action

4

against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action." *Moore v. City of Phila.*, 461 F.3d 331, 340-41 (3d Cir. 2006) (quoting *Nelson v. Upsala Coll.*, 51 F.3d 383, 386 (3d Cir. 1995)). The protected activity must oppose discrimination made unlawful by the relevant statute. *See Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 194-95 (3d Cir. 2015). A general complaint of unfair treatment does not suffice. *Id.*

Count II of the Amended Complaint does not meet this standard. It alleges only that Rivkind engaged in "statutorily protected activity by opposing Defendant's unlawful employment practices as described above." Am. Compl. ¶ 48. That formulation is vague. The incorporated factual allegations refer to a mix of subjects: equal pay, gender classification, data integrity, national security, ethics, and workplace concerns. Although complaints about equal pay or gender discrimination may constitute protected activity, the pleading does not specify when Rivkind made such complaints, to whom, what she said, or whether she linked them to unlawful discrimination under Title VII or another statute. Nor does the Amended Complaint plead facts that connect any identified protected activity to the adverse action with more than a bare conclusion.

The Court already gave Rivkind an opportunity to clarify this claim. She has not done so in the Amended Complaint and her opposition brief cannot repair the pleading. *See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[T]he complaint may not be amended by the briefs in opposition to a motion to dismiss."). Because the Amended Complaint still fails to identify the protected activity with the necessary clarity, Count II will be dismissed with prejudice.

Count III asserts a sex-based hostile work environment claim under Title VII. A hostile work environment claim requires allegations that: (1) the plaintiff suffered intentional

discrimination because of sex; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person in like circumstances; and (5) a basis exists for employer liability. *Mandel*, 706 F.3d at 167. "For discrimination to constitute severe or pervasive behavior, it must 'alter the conditions of [the victim's] employment and create an abusive working environment.'" *Nitkin v. Main Line Health*, 67 F.4th 565, 570 (3d Cir. 2023) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)).

Rivkind alleges she was the only woman on her team and that Oracle targeted and belittled her, gave her fewer opportunities than male coworkers, and subjected her to bullying and censorship. Am. Compl. ¶¶ 28-30, 55-56. Those allegations do not plausibly plead harassment that was severe or pervasive because of sex. The Amended Complaint identifies no sex-based comments, ridicule, or repeated conduct from which the Court can reasonably infer that the challenged conduct was tied to Rivkind's sex rather than to the broader workplace conflict described in the pleading. Rather, Rivkind alleges in a conclusory manner that she was "targeted" and "belittled." The Court previously warned in the December 30, 2025 order that conclusory allegations would not suffice. *See* Dkt. No. 14. On this amended pleading, Count III still falls short. Count III will therefore be dismissed with prejudice.

Count IV alleges a claim for intentional infliction of emotional distress (IIED). Pennsylvania applies a two-year statute of limitations to IIED claims. 42 Pa. Cons. Stat. § 5524(7). Rivkind filed this action on January 10, 2025. The conduct she identifies as extreme and outrageous—HR contact with her sister, the police wellness check, mandatory evaluations, and prolonged isolation from work—occurred in 2022 and, by her own allegations, no later than her

return to work in November 2022. Am. Compl. ¶¶ 17-27. On the face of the Amended Complaint, those allegations fall outside the limitations period.

Count IV is also barred by the Pennsylvania Workers' Compensation Act (PWCA). The PWCA provides the exclusive remedy for injuries arising in the course of employment unless a narrow "personal animus" exception applies. *Ahmed v. Lowe's Home Ctrs., Inc.*, 346 F. App'x 816, 821 (3d Cir. 2009) (citing *Matczak v. Frankford Candy & Chocolate Co.*, 136 F.3d 933, 940 (3d Cir. 1997)); *Martin-McFarlane v. City of Phila.*, 299 F. Supp. 3d 658, 673 (E.D. Pa. 2017). In its prior order, the Court specifically instructed Rivkind that any repleaded IIED claim had to allege facts showing the "injuries did not 'arise out of' employment or fell within a recognized PWCA exception." Dkt. No. 14 (quoting *Alers v. City of Phila.*, 919 F. Supp. 2d 528, 560-61 (E.D. Pa. 2013)). The Amended Complaint does not do so. To the contrary, the alleged conduct arises directly from Oracle's response to Rivkind's workplace behavior and employment status. Because Count IV is untimely and independently barred by the PWCA, it will be dismissed with prejudice.

Count V asserts a disability discrimination claim under the ADA. The ADA prohibits discrimination "on the basis of disability." 42 U.S.C. § 12112(a). To state a claim for ADA discrimination, a plaintiff must allege (1) she ahs a disability within the meaning of the ADA; (2) she is a qualified individual who can perform the essential functions of the job with or without reasonable accommodations; and (3) she has suffered an otherwise adverse employment decision as a result of discrimination. *Morgan v. Allison Crane & Rigging LLC*, 114 F.4th 214, 220-21 (3d Cir. 2024).

Rivkind alleges she has documented PTSD, Oracle knew of that condition, and even though she was medically cleared to work, Oracle nevertheless forced her to undergo repeated evaluations, falsely labeled her unstable and dangerous, isolated her from her duties, reassigned her to a

diminished role, and eventually terminated her. Those allegations plausibly plead that Rivkind had a disability, was qualified to perform her job, and suffered adverse actions because of her disability or Oracle's perception of it. The Amended Complaint therefore alleges enough facts to state a plausible ADA discrimination claim. The motion will be denied as to Count V.

As to the dismissed Counts (II, III, and IV), further leave to amend is not warranted. Courts may dismiss with prejudice when an amendment would be futile. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Dismissal with prejudice is particularly appropriate when a plaintiff has already amended multiple times and still fails to cure identified deficiencies. *See Stouffer v. Union R.R. Co.*, 85 F.4th 139, 146-47 (3d Cir. 2023) (affirming dismissal with prejudice after complaint "had already been amended twice").

That is the situation here as to Counts II, III, and IV. The Court already identified the pleading problems in those claims and gave Rivkind a roadmap for amendment in the December 30, 2025 order. She corrected the complaint's overall structure but did not cure the substantive deficiencies in those counts. Count II still does not identify the protected activity with adequate clarity. Count III still does not plead sex-based severe or pervasive harassment with supporting facts. Count IV remains untimely and barred. Further amendment would be futile.

**CONCLUSION**

Oracle's motion will be granted in part and denied in part. The motion will be denied as to Counts I and V, except that any asserted claim under 42 U.S.C. § 1983 is dismissed with prejudice. The motion will be granted as to Counts II, III, and IV, and those counts are dismissed with prejudice.

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.